# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan Sanchez-Hernandez,<br><br>Petitioner,<br><br>v.<br><br>Fred Figueroa, et al.,<br><br>Respondents. | No. CV-25-02351-PHX-DWL (MTM)<br><br>**ORDER** |

On July 7, 2025, Petitioner filed a habeas corpus petition under 28 U.S.C. § 2241 and a motion for injunctive relief. (Docs. 1, 2.) The Court denied Petitioner's motion for injunctive relief without prejudice and authorized her to file a renewed motion for injunctive relief. (Doc. 17.) Petitioner then filed an amended habeas petition and a renewed motion for injunctive relief. (Docs. 21, 22.) On August 4, 2025, after consolidating the motion with the merits of certain counts in the amended petition, the Court found that Petitioner was entitled to relief on certain counts, dismissed another count as moot, and ordered Respondents to release Petitioner from custody. (Doc. 33.)

On or around October 10, 2025, Petitioner was rearrested by ICE and taken back into custody. (Doc. 42.) At a status hearing on October 21, 2025, the Court dismissed the remaining claim in the amended petition as moot and authorized Petitioner to file a second amended petition ("SAP"). (Doc. 48.)

On December 9, 2025, Petitioner filed the SAP. (Doc. 51.) Petitioner also filed a motion for an order to show cause. (Doc. 52.) The Court will require Respondents to

answer the SAP on an expedited basis and will deny the motion as moot.

## I. Background

As alleged in the SAP, Petitioner is a citizen of Honduras who was ordered removed from the United States in November 2007. (Doc. 51 ¶ 1.) In December 2022, an immigration judge ("IJ") granted Petitioner's request for deferral of removal to Honduras pursuant to the Convention Against Torture. (*Id.*) On January 19, 2023, Petitioner was released from immigration custody pursuant to an Order of Supervision ("OSUP"). (*Id.* ¶ 2.)

In June 2025, Petitioner was arrested by ICE and placed in immigration detention. (*Id.*) In her original petition and original motion for injunctive relief, Petitioner argued that her "detention is unlawful because the Due Process Clause of the Constitution prevents Respondents from re-arresting her without first providing a pre-deprivation hearing before a neutral adjudicator where the government demonstrates, by clear and convincing evidence, that there has been a material change in circumstances such that she is now a danger or a flight risk." (Doc. 2 at 7.) During the July 15, 2025 hearing, the Court expressed skepticism concerning Petitioner's claimed entitlement to a pre-deprivation hearing before redetention. (Doc. 25 at 31-33; Doc. 47 at 3.)

In her amended petition and renewed motion for injunctive relief, Petitioner argued, *inter alia*, that Respondents had not followed the applicable procedures for revoking her OSUP. (Docs. 21-22.) At the conclusion of the August 4, 2025 hearing, the Court agreed, holding that Respondents had failed to comply with 8 C.F.R. § 241.13 in various ways. (Doc. 25 at 26-32; Doc. 47 at 4-6.)

## II. Second Amended Petition

In her SAP, Petitioner alleges that her August 5, 2025 release from immigration detention did not comply with the Court's directive that she be released "subject to the conditions of release that existed prior to her unlawful detention." (Doc. 51 ¶ 3.) Specifically, she alleges she was required to wear an ankle monitor and, when she objected, she was required to download an application that tracked her location weekly and to check-

in weekly instead of annually. (*Id.* ¶ 4.) Petitioner further alleges she was redetained again on October 10, 2025 despite Respondents' acknowledgement that they were unable to "move forward with removal" at that time. (*Id.*)  Petitioner raises four claims: (1) her current detention violates 8 U.S.C. § 1231(a)(6) and *Zadvydas v. Davis*, 533 U.S. 678 (2001), because her removal is not significantly likely to occur in the reasonably foreseeable future; (2) her redetention in October 2025 violated the regulations regarding revocation of OSUPs set forth at 8 C.F.R. § 241.4 and § 241.13, the *Accardi* doctrine, and her procedural due process rights; (3) her redetention in October 2025 was also arbitrary and capricious in violation of the Administrative Procedure Act; and (4) her "removal to any third country without adequate notice and an opportunity to apply for relief under the Convention Against Torture would violate her due process rights." (*Id.* ¶¶ 87-99.)  The Court will require Respondents to respond to the SAP on an expedited basis and will deny the motion for an order to show cause as moot.

**IT IS THEREFORE ORDERED:**

1. Respondents must respond to the Second Amended Petition no later than Thursday, December 18, 2025. Petitioner may file a reply no later than Monday, December 22, 2025.

2. Petitioner's Motion for Order to Show Cause (Doc. 52) is **denied as moot**.

Dated this 11th day of December, 2025.

_____
Dominic W. Lanza
United States District Judge